**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DWAYNE QUIMBY, on behalf of himself and all others similarly situated, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Jury Trial Demanded |
| CASTLE BUILDERS SUPPLY AND TRUCKING LLC, | ) ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

AND NOW COMES Plaintiff, Dwayne Quimby, by and through the undersigned attorneys, and brings this action on behalf of himself and all others similarly situated, against Defendant and in support thereof avers as follows:

## I. Introduction/Nature of Claims

This action is brought individually, and as a class action/opt-in collective action, for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 331.101 *et seq*.

The FLSA and PMWA require employers to include shift differentials when determining the "regular rate" for the purposes of determining the rate at which to calculate the correct overtime payment due. *See* 29 U.S.C. § 207(h). Shift differentials are payments of a higher wage or enhanced rate made to employees assigned to work undesirable hours or disagreeable work. This

1

higher wage is paid because of the character of work done or the time at which the employee is required to labor, and it is distinct from an overtime premium.

Plaintiff and the putative class allege that Defendant has failed and continues to fail to include shift differentials when determining the "regular rate." Therefore, Defendant has failed to pay the correct and statutorily required overtime rate, in violation of federal and state wage laws, for differential pay earned when Plaintiff and the Putative Class worked shifts beginning between the hours of 3:00 PM and 3:00 AM.

## II. Parties

1.      Plaintiff, Dwayne Quimby, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 9 West Oakwood Way, New Castle, PA 16105 and seeks designation as a Class Representative in this action.

2.      Defendant, Castle Builders Supply and Trucking, LLC, (hereinafter "Castle Builders") is a limited liability company or other legal entity with a principal place of business located at 1409 Moravia Street, New Castle, Pennsylvania, PA 16101.

3.      At all times relevant hereto, Castle Builders acted and/or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment and/or agency with Castle Builders.

4.      Mr. Quimby brings this action individually and as a class action/opt-in collective action on behalf of himself and all other similarly situated individuals employed by Castle Builders at any time within the three years prior to the commencement of this legal action through the present, who were non-exempt employees and who worked in excess of forty (40) hours in any

2

given work week, but whose shift differentials were not included in their "regular rate" for purposes of calculating overtime compensation (hereinafter referred to as the "Putative Class").

### III. Jurisdiction and Venue

a)  This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the United States District Court for the Western District of Pennsylvania ("District") pursuant to 28 U.S.C. § 1391 because Defendant operates in this District, Mr. Quimby and the Putative Class were employed in this District, and/or the transactions and occurrences giving rise to these claims took place in this District.

### IV. Factual Background

7.      Defendant, Castle Builders is a concrete supplier operating primarily in Western Pennsylvania.

8.      At all relevant times, Castle Builders employed more than seventy employees.

9.      Mr. Quimby has been employed by Castle Builders since May 2017.  Mr. Quimby continues to be employed by Castle Builders through the present.  The other members of the Putative Class are/were employed by Castle Builders for some, or all, of the period within three years prior to the commencement of this action and continuing to the present.

10.      At all times relevant hereto, Mr. Quimby and the Putative Class are/were hourly, non-exempt "employees" of Castle Builders.

11.    Castle Builders was/is required to pay Mr. Quimby and the Putative Class time and a half for all hours worked in excess of forty hours per week.

12.    Mr. Quimby and the members of the Putative Class regularly worked, and continue to work, in excess of forty hours per workweek and have not received full payment for all overtime wages.

13.    At all times relevant, Castle Builders willfully failed to compensate Mr. Quimby and the Putative Class time and one half for hours worked in excess of forty hours per week.

14.    Castle Builders pays their hourly, non-exempt employees shift differentials for certain work, including but not limited to a shift differential for shifts beginning between 3:00 PM and 3:00 AM.

15.    Castle Builders failed to compensate Mr. Quimby and the Putative Class for all overtime compensation they are legally entitled to receive through an unlawful scheme designed to underpay them for their earned overtime wages while performing work on shifts requiring the increased shift differential pay.

16.    When Mr. Quimby and the Putative Class work/worked more than forty hours, they were/are legally entitled to be paid premium overtime compensation of one and one half times their regular hourly rate.  Under federal and state law, the regular rate for purposes of calculating overtime compensation is required to include shift differentials. However, Defendant failed and continues to fail to include shift differentials in the regular rate when calculating overtime compensation for Mr. Quimby and the Putative Class.

17.    In May 2024, Castle Builders included shift differentials in the "regular rate" when calculating overtime compensation for Mr. Quimby and the Putative Class.

4

18.  As an example, in May 2024, a pay stub for Putative Class Member Daniel Frishkorn shows shift differentials were included in his regular rate for purposes of calculating overtime compensation, specifically, as follows:

a)  For the pay period beginning May 13, 2024, Putative Class Member Daniel Frishkorn's "straight time" or regular hourly rate of pay was $25.75 per hour. For the first forty hours of work in a week that Mr. Frishkorn worked, he received pay at his straight time hourly rate of $25.75;

b)  For that same pay period beginning May 13, 2024, Mr. Frishkorn also received overtime pay at the rate of one and one half his regular hourly rate of pay of $25.75 for work he performed in excess of forty hours in a week for all hours *not* occurring during the "shift premium" period or $38.625 (i.e. $25.75 x 1.5 = $38.625);

c)  Additionally, for all overtime hours that Mr. Frishkorn worked *during* the "shift differential" period, he received overtime pay at time and one-half of the increased "shift differential" rate of pay, which at that time was $1.00 an hour, or $40.125 (i.e. ($25.75 x 1.5) + ($1.00 x 1.5) = $40.125)

(A true and correct copy of Mr. Frishkorn's pay record for the pay period beginning May 13, 2024 illustrating this breakdown is attached hereto as Exhibit A).

19.  By contrast and representing the gravamen of the instant Complaint, post May 2024, Castle Builders stopped including shift differentials in the regular rate for purposes of calculating overtime compensation for Mr. Quimby and the Putative Class. As an example, in May 2026, a pay stub for Mr. Quimby shows shift differentials were not included in his regular rate for purposes of calculating overtime compensation, specifically, as follows:

a) For the pay period beginning May 4, 2026, Plaintiff and class representative, Dwayne Quimby's "straight time" or regular rate of pay was $31.00 per hour. For the first forty hours of work in a week that Mr. Frishkorn worked, he received pay at his straight time regular hourly rate of $31.00;

b) For that same pay period beginning May 4, 2026, Mr. Quimby also received overtime pay at the rate of one and one half his regular rate of pay of $31.00 for work he performed in excess of forty hours in a week for all hours _not_ occurring during the "shift premium" period, or $46.50 (i.e. $31.00 x 1.5 = $46.50);

c) However, for all overtime hours that Mr. Quimby worked _during_ the "shift differential" period, he _did not_ receive overtime pay at the rate of one and one-half of the increased "shift differential" rate of pay. Specifically, instead of compensating Mr. Quimby at the appropriate overtime rate that includes one and one-half times the shift differential premium, which had increased to $5.00 an hour, or $54.00 per hour [i.e. ($31.00 x 1.5) + ($5.00 x 1.5) = $54.00)], Castle Builders paid him only $51.50 per hour [(i.e. ($31.00 x 1.5) + $5.00 = $51.50)] for hours worked over forty during the shift differential period.

(A true and correct copy of Mr. Quimby's pay record for the pay period beginning May 4, 2026, illustrating this breakdown is attached hereto as Exhibit B).

20.    Castle Builders' failure to correctly pay overtime has resulted in Mr. Quimby and the Putative Class being denied substantial amounts of overtime compensation they are legally entitled to receive under the FLSA and PMWA.

6

## V. COLLECTIVE AND CLASS ACTION ALLEGATIONS

21.    Mr. Quimby and the Putative Class reallege and restate the above paragraphs as if fully alleged and stated herein.

### The Case Should be Certified as an "Opt-In" Collective Action Under the FLSA.

22.    Plaintiff brings this action under the FLSA, 29 U.S.C. § 216(b), as an "opt-in" collective action on behalf of himself and all other similarly situated individuals employed by Castle Builders at any time within the three years prior to the commence of this legal action through the present, who were non-exempt employees who worked in excess of forty (40) hours in any given week, but whose shift differentials were not included in their "regular rate" for purposes of calculating overtime compensation.

23.    At all relevant times, Plaintiff and the Putative Class members are similarly situated, have substantially similar job requirements, are subject to the same pay structure, and are subject to Castle Builders' common "shift differential" pay practice.

24.    The number of these current and former employees exceeds seventy and their identities may be readily determined from records under the control of Castle Builders.

25.    These individuals would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join in the lawsuit.

### The Case Should be Certified as a Class Action Under Fed. R. Civ. P. 23.

26.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiff also brings this action under the PMWA on behalf of all other similarly situated individuals employed by Castle Builders

at any time within the three years prior to the commence of this legal action through the present, who were non-exempt employees who worked in excess of forty (40) hours in any given week, but whose shift differentials were not included in their "regular rate" for purposes of calculating overtime compensation.

27.     The Putative Class consists of more than seventy employees and is thus so numerous that joinder of all individual members in this action is impracticable.

28.     The total number and identity of such individuals are easily identifiable from Castle Builders' payroll and personnel records.

29.     The questions of law and/or fact are common to Mr. Quimby and the members of the Putative Class. In particular, during the relevant class period, Defendant maintained a common practice of failing to properly pay their employees for all of the overtime work performed in excess of forty hours in one week.  The facts and evidence pertaining to these practices are common to Mr. Quimby and the Putative Class.

30.     Mr. Quimby's claims are typical of the claims of the Putative Class, *inter alia*, all claims are based on the same legal theories and remedies.  Furthermore, Mr. Quimby's asserted claims in this action are sufficiently aligned with the interests of each member of the Putative Class so that the pursuit of Mr. Quimby's own interests will benefit the Putative Class as a whole.

31.     Mr. Quimby will fairly and adequately protect the interests of the Putative Class because:

    a.  Mr. Quimby is represented by experienced counsel who have successfully litigated many complex labor and employment lawsuits arising under state and federal law and are well-prepared to vigorously and competently litigate this action on behalf of each member of the Putative Class;

b. Mr. Quimby and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of each member of the Putative Class; and

c. Mr. Quimby and his counsel have adequate financial resources to assure that the interests of the Putative Class will not be harmed.

32. A class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in FRCP 23 because, among other things:

a. Common questions of law and fact predominate over any questions affecting only individual members of the Putative Class;

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy;

c. The members of the Putative Class are easily identifiable through Defendant's payroll, personnel, and computer records, and no foreseeable difficulties in the management of this action as a class action exist;

d. The monetary damages sought on behalf of the Putative Class are readily calculated and attributable to each member of the Putative Class;

e. Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual members of the Putative Class were to commence independent actions; and

f. The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification.

33. In the instant action, Mr. Quimby will seek and present evidence concerning Defendant's common timekeeping, compensation, and payroll practices.

9

34. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive.

35. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

36. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency.

37. The conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each Class Member, and meets all due process requirements as to fairness to Defendant.

38. Adequate notice of this class action can be provided to the Class Members by direct mail to the Class Members.

39. Because the damages sustained by individual Class Members are relatively small compared to the vast resources of Defendant and the costs of individual litigation, it is impracticable and unrealistic for individual Class Members to independently pursue litigation against Defendant in order to vindicate their individual rights.

## VI. <u>Statement of Claims</u>

### <u>COUNT I</u>
### <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")</u>

40. Mr. Quimby and the Putative Class reallege and restate the above paragraphs as if fully alleged and stated herein.

41.     Castle Builders is an "employer" of Mr. Quimby and the Putative Class within the meaning of the FLSA.

42.     Mr. Quimby and the members of the Putative Class each constitute an "employee" of Defendant within the meaning of the FLSA.

43.     At all times relevant hereto, Mr. Quimby and the Putative Class were formally or are currently hourly, non-exempt employees of Defendant under the FLSA.  As such, Castle Builders was required to pay Mr. Quimby and the Putative Class time and one-half their "regular rate" for all hours worked in excess of forty hours per week.  Castle Builders was required to include shift differentials, including but not limited to those related to working a shift that began between 3:00 PM and 3:00 AM, in the "regular rate" when calculating overtime compensation.

44.     Due to the nature of the work, Mr. Quimby and the Putative Class regularly worked more than forty hours per week for Defendant throughout the duration of their employment.

45.     Defendant failed to pay Mr. Quimby and the Putative Class time and one-half their "regular rate" for all hours worked in excess of forty hours per week.  Specifically, Castle Builders failed to include shift differentials, including but not limited to those related to working a shift that began between 3:00 PM and 3:00 AM, in the "regular rate" when calculating overtime compensation.

46.     Mr. Quimby and the Putative Class are entitled, pursuant to 29 U.S.C. § 216(b), to receive actual damages in the amount of all unpaid overtime wages owed by Defendant.

47.     Defendant did not act in good faith or have reasonable grounds to believe its pay practices complied with the FLSA. As such, Mr. Quimby and the Putative Class are entitled, pursuant to 29 U.S.C. § 216(b), to receive liquidated damages in an amount equal to the unpaid wages owed by Defendant under the FLSA.

48.     Mr. Quimby and the Putative Class are also entitled, pursuant to 29 U.S.C. § 216(b), to an award of reasonable attorneys' fees, expert fees, expenses, and costs.

**COUNT II**
**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT ("PMWA")**

49.     Mr. Quimby and the Putative Class reallege and restate the above paragraphs as if fully alleged and stated herein.

50.     Castle Builders is an "employer" of Mr. Quimby and the Putative Class within the meaning of the PMWA.

51.     Castle Builders is liable for the unpaid wages at issue in this case as the "employer" of Mr. Quimby and the Putative Class.

52.     Mr. Quimby and the members of the Putative Class are "employees" of Defendant within the meaning of the PMWA.

53.     At all times relevant hereto, Mr. Quimby and the Putative Class were hourly, non-exempt employees of Defendant under the PMWA. As such, Defendant was required to pay Mr. Quimby and the Putative Class time and one-half their "regular rate" for all hours worked in excess of forty hours per week.  Castle Builders was required to include shift differentials, including but not limited to those related to working a shift that began between 3:00 PM and 3:00 AM, in the "regular rate" when calculating overtime compensation.

54.     Due to the nature of the work, Mr. Quimby and the Putative Class regularly worked more than forty hours per week for Defendant throughout the duration of their employment.

55.     Defendant failed to pay Mr. Quimby and the Putative Class time and one-half their "regular rate" for all hours worked in excess of forty hours per week.  Specifically, Castle Builders

failed to include shift differentials, including but not limited to those related to working a shift that began between 3:00 PM and 3:00 AM, in the "regular rate" when calculating overtime compensation.

56. Mr. Quimby and the Putative Class are entitled, pursuant to 43 P.S. § 333.113, to receive actual damages in the amount of all unpaid overtime wages owed by Defendant.

57. Mr. Quimby and the Putative Class are also entitled to receive pre- and post-judgment interest on all unpaid overtime wages owed by Defendant.

58. Mr. Quimby and the Putative Class are also entitled, pursuant to the Pennsylvania Minimum Wage Act, 43 P.S. § 333.113, to an award of reasonable attorneys' fees, expert fees, expenses, and costs.

## VII. Prayer for Relief

**WHEREFORE**, Mr. Quimby and the Putative Class respectfully seek the following relief:

A. A judgment in favor of Mr. Quimby and the Putative Class and against Defendant for the value of all unpaid overtime wages;

B. An injunction prohibiting Defendant from continuing to violate the FLSA and PMWA;

C. A declaratory judgment that Defendant has willfully and in bad faith violated the wage provisions of the FLSA;

D. An order requiring Defendant to provide a complete and accurate accounting of all overtime compensation to which Mr. Quimby and the Putative Class are entitled;

E. An order certifying a collective action based upon the claims under the FLSA.

13

F.       An order certifying a class action under Fed. R. Civ. P. 23 based upon claims under the PMWA;

G.       An order certifying Mr. Quimby as the representative of the FLSA and PMWA Putative Classes and appointing Plaintiff's Counsel as Class Counsel;

H.       An order authorizing the sending of appropriate notice to current and former employees of Defendant during the period beginning three years prior to filing and continuing through the present who are potential members of the FLSA and PMWA Putative Classes;

I.        Liquidated damages in an amount equal to the unpaid wages owed by Defendant under the FLSA;

J.       Reasonable attorneys' fees, expert fees, expenses, and costs;

K.       Pre- and post-judgment interest; and

L.       Such further legal or equitable relief as the Court deems just and appropriate.

### VIII. Demand for Jury Trial

Mr. Quimby and the Putative Class hereby demand a trial by jury in this action of all issues so triable.

Respectfully Submitted,
JUBELIRER, PASS & INTRIERI, P.C.

BY:    _/s/ Joseph S. Pass_
           Joseph S. Pass, Esquire
           Pa. I.D. # 88469
           E-mail:  jsp@jpilaw.com

           Steven E. Winslow, Esquire
           Pa. I.D. 319437
           E-mail:  sw@jpilaw.com

14

J. Skye McCollum, Esquire
Pa. I.D. # 336431
E-mail:  jsm@jpilaw.com

Calder M. Buisch, Esquire
Pa. I.D. # 336481
E-mail:  cmb@jpilaw.com

219 Fort Pitt Boulevard
Pittsburgh, PA 15222
Phone: 412-281-3850
Fax: 412-281-1985

*Plaintiff's Counsel*